UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. McCARTHY, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-16-0031 |
| vs. | : | |
| | : | (Judge Caldwell) |
| WARDEN EBBERT, | : | |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I.   *Introduction*

On January 6, 2016, John J. McCarthy, an inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  McCarthy seeks relief from sanctions imposed in prison disciplinary proceedings where he was allegedly denied due process.

A challenge to a disciplinary action that resulted in the loss of good time credit is reviewable under § 2241 because it affects the duration of the petitioner's sentence. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008).  However, we will deny McCarthy's petition due to his failure to exhaust his available administrative remedies.

II.   *Background*

In his petition, McCarthy claims he appeared before a Discipline Hearing Officer (DHO) following his receipt of an incident report for fighting.  Although he was appointed a staff representative, that person did not meet with him prior to the hearing and "provided no defense for [him]."  (ECF No. 1, Pet., p. 2).  McCarthy's request to postpone

the hearing to allow him to prepare a defense was denied.  (*Id.*)  Finally, he asserts there was insufficient evidence presented at the disciplinary hearing to find him guilty of fighting. As a result of the DHO's findings, McCarthy lost good conduct time and unspecified privileges.  (*Id.*, p. 3).  McCarthy claims he has exhausted his available administrative remedies.  (*Id.*)  As relief he seeks the expungement of the incident report from his record and the restoration of lost good conduct time.  (*Id.*, p. 4).

    The Bureau of Prisons (BOP) filed a response to the Petition.  (ECF No. 7). In its response, the BOP presented the Declaration of Jennifer Knepper, Attorney Advisor at USP-Lewisburg, who affirms that the documents presented in connection with her declaration are true and correct.  (ECF No. 7-1, Exs. In Supp. of Resp. to Pet. For Writ of Habeas Corpus, p.4).  Based on documentary evidence provided by Attorney Knepper in support of the Response, the following facts are presented related to the Incident Report in question, No. 2798288 and to McCarthy's exhaustion of his available administrative remedies.  (ECF No. 7-1, Exhs. In Supp. of Resp. to Pet. For Writ of Habeas Corpus).

    On December 28, 2015, Incident Report 2798288 was written by Special Investigative Agent (SIA) Heath and charged McCarthy with the prohibited act of fighting in violation of Code 201.  SIA Heath issued the Incident Report following separate interviews with McCarthy and one of his cellmates, inmate Macchhione.  (*Id.*, p. 36 and p. 44).  Both inmates reported their involvement in a fist fight with each other several weeks prior to the interview and as recently as "last evening."  (*Id.*, p. 36)  Both inmates were photographed and medically assessed following their respective interviews.  (*Id.*)  McCarthy advised

medical staff he was injured on November 27, 2015, after a "fight with [his] celli" and needed pain medication for a lower back injury. (*Id.*, p. 45). Inmate Michonne reported he was "alright" following a "little fight last night." (*Id.*, p. 48).

A copy of the incident report was delivered to McCarthy on December 28, 2015. (*Id.*, p. 36). The following day the Unit Discipline Committee (UDC) referred the charge to the DHO based on the severity of the offense. McCarthy is reported as telling the UDC he was "not guilty - self defense." (*Id.*) The UDC recommended that the DHO "apply all appropriate sanctions." (*Id.*)

McCarthy was given Notice of Disciplinary Hearing before the DHO but could not sign his receipt of the document "due to restraints." (*Id.*, p. 37). He was also given a copy of his rights at a disciplinary hearing but again was unable to sign to verify his receipt of this document due to restraints. (*Id.*, p. 38). McCarthy requested staff representation and provided a list of desired witnesses. (*Id.*, p. 37). D. Bridge agreed to serve as McCarthy's staff representative on December 29, 2015. (*Id.*, p. 39).

McCarthy appeared before the DHO on January 4, 2016.[1] (*Id.*, p. 40). Based on the greater weight of the evidence in the case, the DHO found McCarthy guilty of violating Code 201, Fighting, on December 27, 2015. (*Id.*, pp. 41-43). The DHO imposed the following sanctions: disallowance of 27 days GCT; 30-days disciplinary segregation; 90-

---

[1] McCarthy's Petition is dated January 6, 2015. (ECF No. 1, p. 4). It was postmarked January 6, 2016. (*Id.*, p. 5). McCarthy alleges he appeared before a DHO on January 5, 2015. Evidence presented demonstrates McCarthy erred in reporting this date. Attorney Advisor Knepper affirms McCarthy never appeared before a DHO on January 5, 2015, for a violation of Code 201, fighting. (ECF No. 7-1, p. 3). Rather, McCarthy's DHO hearing for fighting was held on January 5, 2016. (*Id.*)

days loss of commissary and visiting privileges (suspended 180 days).  (*Id.*, p. 43).  The DHO noted that McCarthy was advised of his right to appeal the DHO's decision within twenty calendar days under the BOP's Administrative Remedy Procedure and that a copy of the DHO's January 22, 2016, report was delivered the same day to McCarthy.  (*Id.*)  Both McCarthy and Macchione were found guilty by the DHO on January 4, 2016, of fighting with each other.  (*Id.*, p. 52).

III.   *Discussion*

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."  *Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996); *see also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).  A failure to satisfy the procedural rules of the BOP's administrative remedy process constitutes a procedural default. *Beckford v. Martinez,* 408 F. App'x 518, 520 (3d Cir. 2010) (citing *Moscato,* 98 F. 3d at 760).  If such a default renders the administrative process unavailable, review of a habeas claim is barred absent a showing of cause and prejudice.  (*Id.*)   A petitioner must show that some "external impediment" prevented him from exhausting his administrative remedies in a proper and timely manner, to satisfy the "cause" requirement.  *Moscato*, 98 F.3d at 762 (petitioner could not satisfy cause requirement where he failed "to allege the existence of an external impediment," or that "anything other than [his own] dilatoriness caused the [administrative] appeal to be filed late").

The BOP has a multi-tiered Administrative Remedy Program for a prisoner to seek formal review of any aspect of his imprisonment. (ECF No. 7-1, Doc. 6-1, Knepper Decl., p. 4, citing 28 C.F.R. § 542.10, *et seq.*) An inmate may challenge a DHO decision by filing an appeal with the Regional Director for the region where the inmate is currently located within twenty calendar days of the DHO's decision.  28 C.F.R. § 542.14(d)(2).  If dissatisfied with the Regional Director's response, the inmate may file an appeal with the BOP's Central Office within thirty calendar days of the date of the Regional Director's response.  *See* 28 C.F.R. § 542.15.  The deadlines contained within this process may be extended upon request by the inmate and a showing of a valid reason for delay.  *See* 28 C.F.R. § 542.15(a).  No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the BOP's Central Office.  (Doc. 7-1, Knepper Decl. ¶ 5).

It is undisputed that McCarthy filed the present habeas petition (January 6, 2016) prior to his receipt of the DHO's formal decision (January 22, 2016).  *See* ECF No. 1, Pet., p. 4 and ECF No. 7-1, p. 43.  While McCarthy argues in his Reply interference with his ability to exhaust his administrative remedies (ECF No. 8), we need not reach that issue because it is clear that BOP officials could not have interfered with his exhaustion of administrative remedies prior to the commencement of the appeal period, his receipt of the DHO's report.  Again, while McCarthy may dispute that he has since exhausted his administrative remedies since his filing of his Petition, or that BOP officials frustrated his ability to comply with the BOP's administrative process, he fails to present any argument or

rationale to suggest any external impediment prevented him from complying with the BOP's administrative remedy process.  Thus, McCarthy has failed to demonstrate cause for his procedural default.  Accordingly, review of his claim is barred.  *Moscato*, 98 F.3d at 759.

        We will issue an appropriate order.

                        /s/ William W. Caldwell  
                        William W. Caldwell  
                        United States District Judge

Date:  December 20, 2016